IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARY MILLER, | ) | CASE NO. 1:09 CV 2369 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Mary Miller, for disability insurance benefits and supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Miller had severe impairments consisting of osteoarthritis, carpal tunnel syndrome, and bipolar disorder.[1] The ALJ made the following finding regarding Miller's residual functional capacity:

> The claimant has the residual functional capacity to lift and/or carry 50 pounds occasionally, 25 pounds frequently; stand and/or walk for 6 hours of an 8 hour day; sit 6 hours of an 8 hour day; limited to frequent handling, fingering;

---

[1] Transcript ("Tr.") at 15.

>limited to understanding, remembering, and carrying out simple instructions; and limited to occasional interaction with the general public.[2]

Based on that residual functional capacity, the ALJ found Miller incapable of performing her past relevant work as a nurse's aide.[3]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Miller could perform.[4]  The ALJ, therefore, found Miller not under a disability.[5]

Miller asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, Miller argues substantial evidence does not support the limitations in the residual functional capacity finding caused by her mental impairment.  She maintains that properly interpreted, the record contains substantial evidence of greater limitations that rendered her disabled.

The Court concludes that the ALJ's residual functional capacity finding to the extent that it omits a limitation to a "low stress environment," does not have the support of substantial evidence.  The case therefore, must be remanded for reconsideration of that finding.

---

[2] *Id.* at 16.

[3] *Id.* at 19.

[4] *Id.* at 20.

[5] *Id.*

## Analysis

**A.     The standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[6]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence.  If such is the case, the Commissioner survives "a directed verdict" and wins.[7]  The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[8]

---

[6] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[7] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[8] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.     Substantial evidence does not support the limitations in the residual functional capacity finding caused by Miller's mental impairment.**

In this case, Miller challenges the mental residual functional capacity finding of the ALJ. Mentally, the ALJ limited Miller to understanding, remembering, and carrying out simple instructions and to occasionally interacting with the public.[9]

Miller bases her argument first upon multiple mental evaluations done by nurse practitioners at the Murtis Taylor Center. Miller treated at the Murtis Taylor Center with nurse practitioners from 2005 through 2009. They generated multiple evaluations that, taken at fact value, support a residual functional capacity finding more limited than that adopted by the ALJ.[10]

Miller posits that the ALJ improperly and inadequately analyzed the opinions of the Murtis Taylor nurses. She acknowledges that such nurses do not qualify as "acceptable medical sources" under the regulations but are "other sources" whose opinions may be considered.[11]

The ALJ did discuss the opinions of these nurses and gave them limited weight because the opinions conflicted with other evidence in the record, specifically the evidence

---

[9] Tr. at 16.

[10] *Id.* at 256-57, 376-77, 417.

[11] 20 C.F.R. § 404.1513(d), 20 C.F.R. § 416.913(d).

of Miller's mental capabilities as reflected in her normal activities.[12] As Social Security Ruling 96-2p states, an ALJ may decline to give a treating source's opinion as to limitations controlling weight "if substantial non-medical evidence shows that the individual's actual activities are greater than those provided in the treating source's opinion."[13] The ALJ, therefore, could properly discount the opinion of those not qualifying as "acceptable medical sources" based on substantial evidence of Miller's actual activities.

Miller also relies upon the functional capacity assessment of Aracelis Rivera, Psy.D., which states "[o]verall, clmt has the ability to perform simple repetitive tasks. Can interact on a superficial level – but would do best away from the general public. Low stress environment is needed."[14] She argues that these limitations, the only limitations imposed by an acceptable medical source, require a more restrictive mental residual functional capacity than that adopted by the ALJ – "limited to understanding, remembering, and carrying out simple instructions; and limited to occasional interaction with the general public." These formulations are not identical. The ALJ does not include low stress environment. Dr. Rivera's limitation to low stress work is consistent with her evaluation of Miller's ability

---

[12] Tr. at 9. The Murtis Taylor treatment notes contain observations cutting both ways. In support of the ALJ's finding, the notes contain numerous references to Miller as stable (Tr. at 262, 263, 264, 322, 350, 351, 352, 353, 354, 355, 356, 362, 364, 431) and the records reflect that she consistently took medication as ordered without side effects. (*E.g.*, *id.* at 350, 358, 431.) At various points the records reflect that Miller was "doing better" (*id.* at 358, 359) and "doing well" (*id.* at 362).

[13] Social Security Ruling 96-2p, 61 Fed. Reg. 34490, 34491 (July 2, 1996).

[14] Tr. at 222.

to sustain concentration and persistence. In the eight categories under "Sustained Concentration and Persistence" in the "Mental Residual Functional Capacity Assessment," she rated Miller "moderately limited" in six.[15] As the Sixth Circuit held in *Ealy v. Commissioner of Social Security*,[16] a limitation to simple, unskilled work is not sufficient to cover limitations in concentration and persistence.[17] In fact, a limitation to low stress work may not be enough.[18]

The ALJ specifically rejected Dr. Rivera's restrictions on maintaining attention and concentration.[19] He did so on the basis of Miller's testimony that she spends hours reading novels.[20]

Under the substantial evidence standard, this is a close call. Dr. Rivera gives a detailed articulation of her assessment of the records, including information relevant to concentration and attention.[21] She concludes that "[l]ow stress environment is needed."[22] The ALJ could not reject this limitation, or those related to concentration and persistence in

---

[15] *Id.* at 220-21.

[16] *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504 (6th Cir. 2010).

[17] *Id.* at 516-17.

[18] *Id.* at 417; *Candela v. Astrue*, No. 1:10cv1603, 2011 WL 3205726, at *10 (N.D. Ohio July 28, 2011).

[19] Tr. at 19.

[20] *Id.* at 19, 40.

[21] *Id.* at 222.

[22] *Id.*

Dr. Rivera's assessment, based on one testimonial reference to reading novels. Although adding low stress to the hypothetical posed to the vocational expert may not change the expert's testimony about jobs existing,[23] in light of *Ealy*, the residual functional capacity finding must be reevaluated. If the ALJ rejects a limitation to low stress environment, he must further articulate the reasons for that rejection.

## Conclusion

Based on the foregoing, the Commissioner's denial of Miller's applications for disability insurance benefits and supplemental security income is reversed and the case remanded for reconsideration of the residual functional capacity finding consistent with this opinion.

For purposes of any potential application for attorney's fees under the Equal Access to Justice Act,[24] the Court concludes that the position of the Commissioner was substantially justified.

IT IS SO ORDERED.

Dated:  October 17, 2011                    s/ William H. Baughman, Jr.
                                            United States Magistrate Judge

---

[23] *Id.* at 46-47.

[24] 28 U.S.C. § 2412(d)(1)(A).